# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**DENNIS PASSMAN, ET AL.**                    CIVIL ACTION NO.

**VERSUS**

**STATE FARM INSURANCE CO.**                  22-122-SDD-EWD

## NOTICE AND ORDER

This is a civil action involving a demand by Dennis and Tami Passman ("Plaintiffs") for an appraisal of the damage to their home allegedly caused by Hurricane Ida on August 29, 2021 pursuant to a contract of insurance, as well as for damages.[1] On December 21, 2021, Plaintiffs filed their Petition for Breach of Contract, Failure to Provide for Good Faith and Fair Dealings, Unfair Trade Practices, and Rule to Show Cause ("Petition") against defendant "State Farm Insurance Company" ("SFIC") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] Plaintiffs contend that SFIC incorrectly valued the damage to their home and has improperly refused to grant Plaintiffs' demand for an appraisal as provided for by the insurance contract. Plaintiffs also allege that the contractual appraisal provisions in the policy conflict with Louisiana law.[3] On February 18, 2022, the matter was removed by State Farm Fire and Casualty Company ("State Farm Fire"), who contends that it is the correct insurer of Plaintiffs' home, not SFIC, and further alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties.

---

[1] R. Doc. 1-1, ¶¶ 2-3, 5.
[2] R. Doc. 1-1, ¶ 1.
[3] R. Doc. 1-1, ¶¶ 4-10, 13, 17.
[4] R. Doc. 1, introductory paragraph and ¶ 1, n. 1, alleging that, pursuant to the contract of insurance, "…Plaintiffs are insured by State Farm Fire and Casualty Company," citing R. Doc. 1-1, p. 25 (correspondence from State Farm Fire acknowledging receipt of Plaintiffs' demand for an appraisal) and *see* R. Doc. 1, ¶¶ 2, 4.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The amount in controversy requirement appears likely met, as Plaintiffs state that their estimate of the damages to their home is $96,120.11, and they additionally seek bad faith penalties and attorney's fees as well as damages under the Louisiana Unfair Trade Practices Act, La. R.S. § 51:1401, *et seq*.[5] Furthermore, Plaintiffs submitted a pre-removal settlement demand for $207,225.21, which is attached to the Notice of Removal.[6]

The Notice of Removal properly alleges that Plaintiffs are Louisiana citizens.[7] State Farm Fire alleges that it is was incorporated in Illinois and has its principal place of business in Illinois.[8] However, State Farm Fire is not currently a named defendant in this suit, and neither the Notice of Removal nor the Petition adequately allege the citizenship of the named insurer defendant, SFIC.[9]

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[10] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. §

---

[5] R. Doc. 1-1, ¶¶ 8, 17.
[6] R. Doc. 1-3 and *see Sampson v. Red Frog Events, LLC,* No. 17-1671-BAJ-EWD, 2018 WL 3966977, at *4 (M.D. La. July 17, 2018), *report and recommendation adopted,* No. 17-1671-BAJ-EWD, 2018 WL 3966264 (M.D. La. Aug. 17, 2018) ("This Court has previously held that the amount sought in a pre-removal settlement demand letter 'is valuable evidence to indicate the amount in controversy at the time of removal'") citing *Lilly v. Dollar General Corp.*, No. 17-459, 2017 WL 4836539, at *3 (M.D. La. Sept. 18, 2017) (other citations omitted).
[7] R. Doc. 1, ¶ 8. As the Notice of Removal affirmatively alleges Plaintiffs' citizenship to be Louisiana, without specifically incorporating the allegations of the Petition therein, it is sufficient. Incorporation of the Petition's allegations would have been insufficient because the Petition alleges Plaintiffs' residency, not citizenship. R. Doc. 1-1, introductory paragraph.
[8] R. Doc. 1, ¶ 8.
[9] The Notice of Removal does not address the citizenship of SFIC. The Petition alleges that SFIC is "a foreign insurance company authorized to do and is doing busines (sic) in the State of Louisiana." R. Doc. 1-1, ¶ 1.
[10] Emphasis added.

1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[11] However, courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[12]

To the extent SFIC (*i.e.*, the currently named insurer defendant) is also diverse from Plaintiffs, the question of which party is the proper defendant does not affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of State Farm Fire in the place of SFIC – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[13] As SFIC was named as a

---

[11] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).

[12] *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

[13] The *De Jongh* Court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed. Appx. at 438, 39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed. Appx. 946, 948 & n. 1 (5th Cir. May 18, 2009) (*per curiam*) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). At least one district court in this circuit disagrees that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389750, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id*. at * 4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. The undersigned agrees that pursuant to 28 U.S.C. § 1441(a), only "the defendant or the

3

defendant in this action, State Farm Fire must allege the citizenship of named insurer SFIC so that this Court can determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly, State Farm Fire shall be ordered to file a Motion to Substitute the Notice of Removal with an Amended Notice of Removal which adequately alleges the citizenship of the currently-named insurer defendant SFIC.  In the alternative, if Plaintiffs agree that State Farm Fire is the correct defendant, Plaintiffs shall file a motion for leave to amend their Complaint to substitute State Farm Fire for SFIC as the correct defendant in this matter.

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship.[14]

Accordingly,

**IT IS ORDERED that, on or before May 2, 2022,** State Farm Fire and Casualty Company shall file a motion for leave to file an amended Notice of Removal that adequately alleges the citizenship of the currently-named insurer defendant State Farm Insurance Company.

**ALTERNATIVELY,** if Plaintiffs agree that State Farm Fire and Casualty Company is the correct defendant, then **IT IS ORDERED THAT, on or before May 2, 2022,** Plaintiffs shall file a motion for leave to amend their Complaint to drop State Farm Insurance Company as a defendant in this matter and add State Farm Fire and Casualty Company as the correct defendant in this matter.

---

defendants" have the right to remove; however, the undersigned considers removal by a non-party to be a waivable procedural defect.  Here, Plaintiffs have not filed a motion to remand and the defect has not been timely raised, *see* 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.
[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, April 18, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**